UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARIA MOORE, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-00845-RS<br><br>**ORDER GRANTING DEFAULT JUDGMENT** |

## I. INTRODUCTION

This interpleader action concerns $500,000 owed under a life insurance policy. Plaintiff Banner Life Insurance ("Banner") is a disinterested party involved in a dispute between Defendants over the policy's benefits. Plaintiff now moves for the entry of default judgment against two Defendants, Maria Moore and Marcus Moore. For the foregoing reasons, the motion for default is granted.[1]

## II. BACKGROUND

This otherwise quotidian interpleader action arises from a tragic series of events. Banner filed this action to elucidate the rights and obligations of parties in connection with an insurance contract issued on the life of Dominic Sarkar. Mr. Sarkar was insured with a benefit amount of $500,000 under the policy, which designated Maria Moore as the policy's sole primary

---

[1] This motion is suitable for disposition without oral argument. Pursuant to Civil Local Rule 7(1)(b), the hearing scheduled for August 28, 2025, is hereby vacated.

beneficiary. The application for the policy designated Mr. Sarkar's two daughters as contingent beneficiaries. Defendant Maria Moore later modified the policy's beneficiaries, leaving herself as the sole primary beneficiary and replacing Mr. Sarkar's daughters with her son, Marcus Moore, as the sole contingent beneficiary.

In October of 2018, Mr. Sarkar was murdered, shortly after the policy's two-year contestability period expired. Defendant Maria Moore was arrested and eventually convicted of the murder. The prosecution's theory of the case was that Maria Moore conspired with her codefendant, Marvel Salvant, to murder Mr. Sarkar and collect on Mr. Sarkar's multiple life insurance policies. Her conviction is now final, and she is currently incarcerated.

At Plaintiff's motion, the Clerk entered default against Defendants Maria Moore and Marcus Moore on May 29, 2025, and June 18, 2025, respectively.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, entering a default judgment is a two-step process: Prior to entry of a default judgment, there must first be an entry of a default. Fed. R. Civ. P. 55. Following entry of default, a district court may in its discretion grant relief upon an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court may consider: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering these seven *Eitel* factors, all factual allegations in the complaint are taken as true, except for those relating to damages. *TeleVideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

### IV. DISCUSSION

#### A. Jurisdiction and Service

A court must confirm that it has both subject matter and personal jurisdiction prior to

assessing the merits of a default judgment. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). It must also "ensure the adequacy of service on the defendant." *Produce v. Cal. Harvest Healthy Foods Ranch Mkt.*, No. 11-cv-4814, 2012 WL 259575, at *2 (N.D. Cal. Jan. 27, 2012). Accepting the well-pled facts in the complaint as true, this Court has diversity jurisdiction over the interpleader action. *See* 28 U.S.C. 1332(a)(1). Banner is incorporated and principally headquartered in the state of Maryland. Defendants Maria Moore and Marcus Moore are citizens of the state of California. The amount in controversy in this action exceeds $75,000, exclusive of interests and costs. Accordingly, this Court has both subject matter and personal jurisdiction over this action.

Rule 4(e) of the Federal Rules of Civil Procedure governs the methods by which service may be effected. Rule 4(e)(1) permits service by any means permitted by the law of the state in which the case is pending, or the state in which the defendant resides. Alternatively, Rule 4(e)(2) permits service by (1) personal delivery of the summons and complaint to the defendant, (2) leaving a copy of each with a person at the defendant's residence, or (3) leaving a copy of each with an agent authorized to accept service. Defendant Maria Moore is currently incarcerated and was personally served on February 19, 2025. *See* Dkt. No. 22. Defendant Marcus Moore properly executed a Rule 4 Waiver of the Service of Summons on March 6, 2025. *See* Dkt. No. 20. Accepting these representations and filings as true, Plaintiff properly executed service on both Defendants.

### B. The *Eitel* Factors

An analysis of the *Eitel* factors weighs in favor of granting default judgment.

#### 1. Possibility of Prejudice

The first factor concerns the prejudice to Plaintiff that would result if default judgment were denied. Such prejudice would "necessarily flow[ ]" from a meritorious claim, "because, in the absence of a default judgment, plaintiff would be without other recourse for recovery to which it is entitled." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) (citation and internal quotation marks omitted). For the following reasons, Banner is likely to

ORDER GRANTING DEFAULT JUDGMENT
CASE NO. 25-cv-00845-RS

1   succeed on the merits of its complaint. Absent default judgment, Banner will have no way to

2   obtain the relief it seeks and will be forced to spend additional resources participating in a matter

3   where it is a disinterested party. Therefore, the first *Eitel* factor supports default judgment.

### 2. Merits of Substantive Claims and Sufficiency of Complaint

The merits of the substantive claims and sufficiency of the complaint are usually analyzed together and require a plaintiff to establish a likelihood of success. *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1048. Banner satisfied these elements by demonstrating it is a disinterested party in a dispute between Defendants over insurance proceeds. In its Complaint, Banner stated it is a disinterested stakeholder indifferent as to which of the Defendants is entitled to the proceeds of the policy. Additionally, Banner requested that this Court grant it permission to deposit the death benefit proceeds owed under the policy, that Banner be dismissed from all further proceedings, and this Court to order Defendants to litigate all matters relevant to the Policy amongst themselves.

No Defendant has challenged Banner's disinterested role, and this Court has already granted Banner's Motion to Deposit Funds, Dkt. No. 19, which Banner later deposited on March 31, 2025, Dkt. No. 21. Moreover, Banner's complaint lays out why Defendants Maria Moore and Marcus Moore cannot claim the money awarded under the policy. Under California law, Maria Moore is not entitled to the Policy's death benefits because she "feloniously and intentionally kill[ed]" Dominic Sarkar. *See* Cal. Prob. Code § 252 ("A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.").

Marcus Moore is similarly barred from claiming the money. California law states that when an insured is murdered by a beneficiary, the beneficiary's relatives and heirs are not entitled to the proceeds of a life insurance policy on the life of the insured. *See Estate of Jeffers*, 182 Cal. Rptr. 300, 303-04 (Ct. App. 1982) ("The crucial fact is that, in both instances, the primary beneficiary who killed the insured should be denied the right by any means to specify the recipient

of the insurance proceeds and thereby profit from his own wrong. Instead, he should be deemed to hold said funds solely as a constructive trustee for the insured's estate."); *see also Meyer v. Johnson*, 115 Cal. App. 646, 650 (1931) (permitting the heirs and/or relatives of a murderer to claim the benefits otherwise owed to the murderer under an insurance policy would result in perverse outcomes contradicting public policy). These factors therefore favor granting default judgment against Maria Moore and Marcus Moore.

### 3. Money at Stake, Possibility of Disputed Facts, and Excusable Neglect

To satisfy the fourth factor, the amount of money at stake must be reasonable in relation to the allegations. *Krautstrunk*, 2023 WL 4915001, at *4. Banner deposited the entire death benefit proceeds payable under the terms and conditions of the policy. Critically, Banner is not seeking any money from any of Defendants. Thus, this factor favors granting default judgment. *Se, e.g., Nat'l Council of United States, Soc'y of St. Vincent De Paul, Inc. v. Del Norte Council of Soc'y of St. Vincent De Paul*, No. 23-CV-01556-RS, 2024 WL 3924555, at *4 (N.D. Cal. Aug. 23, 2024).

As discussed above, there is no possibility of dispute concerning material facts. Maria Moore and Marcus Moore have no meritorious claim to the money awarded under the policy. Therefore, the fifth *Eitel* factor favors default judgment.

Next, the sixth factor requires a court to examine whether Defendants have failed to appear due to excusable neglect. As discussed above, there is no indication either Defendant failed to appear because of some reasonable explanation. They were both on notice of this action, and likely both aware they have no valid claim to the policy's benefits.

While the final *Eitel* factor asks the court to weigh the general policy preference for resolution on the merits, this preference has no bearing here. Given Defendants' failure to appear, there is no other alternative than the entry of default judgment.

### V. CONCLUSION

Banner Life Insurance's motion for default judgment against Defendants Maria Moore and Marcus Moore is granted.

1  **IT IS SO ORDERED**.

3  Dated: August 14, 2025

_____
RICHARD SEEBORG
Chief United States District Judge