UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MARIA MOORE, et al.,<br><br>Defendants. | Case No. 25-cv-00845-RS<br><br>**ORDER DIMISSING CROSSCLAIM AND DENYING MOTION FOR JOINDER AS MOOT** |

## I. INTRODUCTION

The present Motion for Joinder concerns a Crossclaim regarding $500,000 owed under the life insurance policy of Mr. Sarkar who was murdered in 2018. The Crossclaim seeks declaratory judgment that Crossclaim Plaintiff and her sisters are the rightful beneficiaries of the life insurance policy as well as damages based on fraud, conspiracy, and wrongful death. For purposes of subject matter jurisdiction, the Crossclaim parties are not diverse, and the claims are state-law claims. Since supplemental jurisdiction is discretionary and state law claims predominate, supplemental jurisdiction over the Crossclaim is declined, the Crossclaim is dismissed, and the Motion for Joinder is denied as moot.

## II. BACKGROUND

Mr. Dominic Sarkar was killed in 2018. He had a life insurance policy with Banner Life Insurance with a benefit amount of $500,000 ("Policy"). The Policy originally designated Maria Moore as its sole primary beneficiary and two of Mr. Sarkar's daughters, Elizabeth and Martha

Sarkar, as contingent beneficiaries. Before Mr. Sarkar's murder, Maria Moore was designated the sole owner of the Policy. Maria Moore then modified the Policy's contingent beneficiaries, replacing Elizabeth and Martha Sarkar with her son, Marcus Moore, as the sole contingent beneficiary. In 2022 Maria Moore was convicted and incarcerated for Mr. Sarkar's murder. Her conviction is final. The prosecution's theory during trial was that Maria Moore conspired to murder Mr. Sarkar to cash in on his life insurance policies, including the Policy.

Elizabeth Sarkar submitted a claim for the Policy's death benefits, but she was not the primary or contingent beneficiary on the Policy when Mr. Sakar died—Maria Moore and Marcus Moore were. However, under California law neither someone who has "feloniously and intentionally kill[ed]… the person upon whose life [a] policy is issued" nor their relatives and heirs are entitled to any benefit under the policy. In January 2025 Banner Life Insurance ("Banner") filed an Interpleader action seeking leave to deposit the $500,000 death benefit with the registry of the Court, discharge of its liability under the Policy, and further orders and instructions concerning which of the defendants, Maria Moore, Marcus Moore, Elizabeth Sarkar, Martha Sarkar, and Mary Sarkar, is entitled to those amounts. In March 2025 the Court granted Banner's motion to deposit the at-issue funds with the Court Registry Investment System Disputed Ownership Fund, and the funds were deposited in April 2025.

In June 2025 Elizabeth Sarkar (Crossclaim Plaintiff) filed an Answer to the Interpleader and a Crossclaim against Maria and Marcus Moore (Crossclaim Defendants). She seeks declaratory judgment that she and her two sisters, Martha and Mary Sarkar, are the rightful beneficiaries of the Policy and compensatory, punitive, and exemplary damages for wrongful death, fraud, and conspiracy. It is not disputed that Elizabeth Sarkar, Maria Moore, and Marcus Moore are all residents of California. In August 2025 Defendants Martha Sarkar and Mary Sarkar (Joining Defendants) moved to be joined with Defendant and Crossclaim Plaintiff Elizabeth Sarkar in her Crossclaim and Answer against Crossclaim Defendants.

### III. DISCUSSION

Prior to assessing the merits of a motion, a court first must confirm that it has subject

matter jurisdiction. *See, e.g., United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). Jurisdiction over a Crossclaim requires an independent basis for subject matter jurisdiction or it must fall under supplemental jurisdiction. 28 U.S.C. §§ 1331, 1332, 1367. Where a federal court has original jurisdiction over a claim, the court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The court may, however, decline supplemental jurisdiction over a claim when the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. 28 U.S.C. § 1367(c)(2).

Here, there is no independent basis for subject matter jurisdiction because the Crossclaim raises only state law claims, and the Crossclaim parties are all citizens of California. Although subject matter jurisdiction exists over the original Interpleader action,[1] "[t]he Supreme Court has made clear that the interpleader action was never intended to function as a '"bill of peace," capable of sweeping dozens of lawsuits out of the various state and federal courts in which they were brought and into a single interpleader proceeding. [O]nly in two reported cases has a federal interpleader court sought to control the underlying litigation against alleged tortfeasors as opposed to the allocation of a fund among successful tort plaintiffs.'" *CMFG Life Ins. Co. v. Smith*, No. CV 13-261 ABC (CWX), 2014 WL 12585794, at *1 (C.D. Cal. Mar. 3, 2014) (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 536 (1967)). Under the circumstances here where the original Interpleader action over which this Court had subject matter jurisdiction was brought by a diverse party who no longer has an ownership interest in the at-issue funds, the state law claims in the Crossclaim substantially predominate. For the foregoing reasons, the Court declines to

---

[1] *See* 28 U.S.C. 1332(a)(1). Banner is incorporated and principally headquartered in the state of Maryland. Interpleader Defendants are citizens of the state of California, the nation of India, and the nation of Kuwait. The amount in controversy in this action exceeds $75,000, exclusive of interests and costs.

exercise supplemental jurisdiction over questions of California law involving parties exclusively from the state of California. The Crossclaim is dismissed without prejudice, and the Motion for Joinder is denied as moot.

**IT IS SO ORDERED**.

Dated:  September 4, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER DISMISSING CROSSCLAIM
CASE NO. 25-cv-00845-RS