UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MARIA MOORE, et al.,<br><br>Defendants. | Case No. 25-cv-00845-RS<br><br>**ORDER GRANTING FINAL JUDGMENT** |

## I. INTRODUCTION

Plaintiff Banner Life Insurance ("Banner") finds itself in the center of a dispute between Defendants regarding $500,000 owed under a life insurance policy. Plaintiff now moves for final judgment. For the foregoing reasons, the motion is granted.

## II. BACKGROUND

The factual background in this case has been set out in pervious orders. *See* Dkts. 46, 51. In summary, Banner filed this interpleader action in January 2025 regarding $500,000 owed under the life insurance policy (the "Policy") of murder victim, Dominic Sarkar. At the time of his death, the Policy listed Maria Moore, who was later convicted for Mr. Sarkar's murder, and her son Marcus Moore as primary and contingent beneficiaries (together, "Moore Defendants"). However, California law precludes someone who feloniously and intentionally kills another, as well as their heirs, from receiving the deceased's life insurance benefit.

Meanwhile, Elizabeth Sarkar, one of Mr. Sarkar's daughters and a former contingent beneficiary on the Policy before a change initiated by Maria Moore, submitted a claim for the life

insurance benefit. In light of the potentially conflicting claims between the Moore Defendants and Sarkar's daughters, Banner sought leave to deposit its triggered policy benefits with the Clerk of the Court. That motion was granted on March 15, 2025, and Banner deposited $533,702.67 with the registry of this Court.

On August 14, 2025, the Court entered default judgments on a request from Banner against the Moore Defendants. Defendants Elizabeth Sarkar, Martha Sarkar, and Mary Sarkar ("Sarkar Defendants"), all daughters of Mr. Sarkar, filed answers to the First Amended Complaint on September 24, 2025. Banner now seeks final judgment order in interpleader, as set out below.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 22 and the interpleader statute 28 U.S.C. § 1335 "allow a party to file a claim for interpleader if there is a possibility of exposure to double or multiple liability." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (citing 28 U.S.C. § 1335; Fed. R. Civ. P. 22(a)(2)). " 'The purpose of the interpleader is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund.' " *Id.* (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010)).

First, the district court must decide " 'whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund.' " *Kuckenmeister*, 619 F.3d at 1023–24 (quoting *Rhoades v. Casey,* 196 F.3d 592 (5th Cir.1999)). If so, the district court "may discharge the plaintiff [in interpleader] from further liability," enjoin "claimants… from instituting or prosecuting any [further] proceedings… affecting the property, instrument or obligation involved in the interpleader," and "make all appropriate orders to enforce its judgment," 28 U.S.C. § 2361, including " 'mak[ing] a determination of the respective rights of the claimants.' " *Kuckenmeister*, 619 F.3d at 1024 (citation omitted).

In an interpleader action, the district court also has discretion to award attorney fees and costs to the stakeholder when doing so is fair and equitable. *See, e.g., Trustees of Directors Guild of America-Producer Pension Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000); *Island Title Corp.*

*v. Bundy*, 488 F. Supp. 2d 1084, 1093–94 (D. Haw. 2007) (same). The rationale for such awards rests on the need to " 'compensate' " a disinterested and faultless stakeholder "in possession of a fund claimed by contending parties" that otherwise would have to bear its own costs. *South Adams Savings Bank v. Martel*, 540 F. Supp. 2d 265, 268 (D. Mass. 2008) (citation omitted).[1] "[T]he parties who have benefited from the stakeholder's efforts should bear the costs incurred thereby." *Id.*

## IV. DISCUSSION

In light of the risk of competing claims for the Policy' benefits by the Moore Defendants and Sarkar Defendants and the resulting risk of double liability exposure, Banner's interpleader action is proper under both Rule 22 and federal interpleader statute 28 U.S.C. § 1335. Accordingly, as set forth below, final judgment is entered in favor of Banner against the Defendants, and the Defendants are enjoined from prosecuting any claim against Banner with regards to the Policy.

Banner also requests $22,068.50 in attorneys' fees be awarded from the insurance benefit funds deposited with the Court. This is 4% of the funds already deposited with the Court and $8,000 less than the total fees incurred by Banner thus far. Finding the request reasonable and noting that the Sarkar Defendants filed no opposition and, in fact, stipulated with Banner that Banner should receive these funds, *see* Dkt. 59, the requested award is granted.

Finally, the Sarkar Defendants request that the Court distribute the life insurance benefits equally amongst themselves. *See* Dkt. 53. As the only remaining claimants in light of this Court's entry of default judgment against the Moore Defendants, distribution amongst the remaining Defendant claimants, Elizabeth, Martha, and Mary Sarkar, is proper as set forth below.

---

[1] Some courts have declined to exercise their discretion to award attorney fees and costs to stakeholders where those stakeholders "face multiple claims in their ordinary course of business." *Furia v. McGrew*, No. 19-cv-00942, 2020 WL 4208274, at *4 (E.D. Cal. July 22, 2020). Other courts, however, have awarded costs when warranted regardless of whether the stakeholder was a repeat player in the interpleader arena. *See Fidelity Nat. Title Co. v. U.S. Small Bus. Admin.*, No. 13-cv-02030, 2014 WL 6390275, at *4–5 (E.D. Cal. Nov. 13, 2014); *Martel*, 540 F. Supp. 2d at 268, 273–74.

# V. CONCLUSION

IT IS HEREBY ORDERED:

A. Banner Life Insurance Company is granted leave to deposit the proceeds of life insurance policy No. 181174445 together with interest, if applicable, with this honorable Court or its clerk at the Court's direction, subject to further Order of this Court;

B. Maria Moore, Marcus Moore, Elizabeth Sarkar, Martha Sarkar, and Mary Sarkar are enjoined during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Banner Life Insurance Company in any state or federal court or other forum with respect to the remaining proceeds payable under the terms of life insurance policy No. 181174445 and on account of the death of Dominic Sarkar, the owner and insured, and that said injunction issue without bond or surety;

C. Banner Life Insurance Company has no further liability to Maria Moore, Marcus Moore, Elizabeth Sarkar, Martha Sarkar, Mary Sarkar or to any person or entity claiming through them, for the proceeds payable under the terms of the life insurance policy No. 181174445 and on account of the death of Dominic Sarkar;

D. Banner Life Insurance Company has acted in good faith by interpleading the remaining proceeds of life insurance policy No. 181174445 with the Court or its clerk;

E. Banner Life Insurance Company is excused from further attendance in connection with this cause, and the adverse and potentially adverse claimants, Maria Moore, Marcus Moore, Elizabeth Sarkar, Martha Sarkar, and Mary Sarkar are ordered to litigate their claims and contentions concerning the remaining proceeds of life insurance policy No. 181174445 without further involving Banner Life Insurance Company;

F. Judgment is entered in favor of Banner Life Insurance Company, and against Maria Moore, Marcus Moore, Elizabeth Sarkar, Martha Sarkar, and Mary Sarkar on its Interpleader claim with an express finding of finality pursuant to Rule 54(b) of the Federal Rules of Civil Procedure;

G. Banner Life Insurance Company is awarded $22,068.50 in attorneys' fees and costs to be deducted from the amount deposited with the Court or its clerk; and,

H. The Clerk of Court is directed to disburse the interpleader funds, including accrued interest, held in the Court Registry to Defendants Elizabeth Sarkar, Martha Sarkar and Mary Sarkar through their counsel of record Navneet Chugh, Chugh LLP, 15925 Carmenita Road, Cerritos, 19 California 90703, as attorney for Sarkar Claimants.

**IT IS SO ORDERED**.

Dated: December 1, 2025

_____
RICHARD SEEBORG
Chief United States District Judge